United States District Court
Southern District of Texas
**ENTERED**
March 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARCY DUVERGER RODRIGUEZ and §
ELIEXANDER RODRIGUEZ §
DUVERGER, §
    Petitioners, §
§
§
VS. §   CIVIL ACTION NO. 4:26-CV-00584
§
WARDEN, JOE CORLEY PROCESSING §
CENTER, §
§
    Respondent.

## ORDER OF DISMISSAL

Darcy Duverger Rodriguez filed this immigration habeas petition under 28 U.S.C. § 2241 as Next Friend to the petitioner, Eliexander Rodriguez Duverger, to challenge his ongoing immigration detention. Doc. No. 1. Eliexander Rodriguez Duverger is in custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Respondent has filed a response, Doc. No. 8, and Duverger has filed a reply, Doc. No. 9.

The undisputed facts in the record show that Petitioner entered the United States as an arriving alien not in possession of a valid unexpired immigrant visa, reentry permit, or other entry document as required under the Immigration and Nationality Act. Doc. No. 8-1 at 1. Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been erroneously categorized as

1 / 2

a detainee subject to mandatory detention under 8 U.S.C. § 1225(b). Petitioner's arguments regarding sections 1225 and 1226 are foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. Feb. 6, 2026). Likewise, his Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded"). He does not otherwise state a claim for which habeas relief may be granted.

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED.**

2. This case is **DISMISSED without prejudice**.

3. All other pending motions, if any, are **DENIED as MOOT**.

**SO ORDERED.**

SIGNED on this _____ 25th _____ day of March 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE